IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| **T.J.F. on behalf of T.J.,**<br>Plaintiff,<br>vs.<br>**Orangeburg County School District,**<br>Defendant. | C.A. No. 5:26-cv-3929-MGL<br>**COMPLAINT** |

**THE PLAINTIFF**, T.J.F, on behalf of her minor child T.J., complaining of the Defendant, alleges and states as follows:

**THE PARTIES**

1. The Plaintiffs are residents of Orangeburg County, South Carolina. Plaintiff T.J.F. is the mother of T.J., who was enrolled in Defendant's school district from November 2022 until the end of the 2024-2025 school year, when he completed Sixth Grade at Lake Marion Middle School. T.J. completed his Seventh Grade year – and just started his Eighth Grade year – at Holly Hill Academy, a small private school in Orangeburg County, South Carolina.

2. T.J. has been qualified as a student in need of an Individualized Education Program ("IEP") and special education services under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (2004) (the "IDEA") since First Grade. Most recently, T.J. was served under an IEP by the Defendant District with the primary disability "Specific Learning Disability."

3. Despite two years of inappropriate academic progress, the Defendant District proposed an IEP for T.J. for the 2025-2026 school year which was substantially similar to previous

IEPs. The proposed 2025-2026 did not provide T.J. with a Free Appropriate Public Education (FAPE) as required by the IDEA. T.J.F. provided notice that she intended to enroll T.J. at Holly Hill Academy, a local private school, at the Defendant District's expense, in accordance with 20 U.S.C. § 1412(a)(10)(C).

4. For the 2025-2026 school year at Holly Hill Academy, T.J. received a package of services, including small group interventions by certified teachers at Holly Hill Academy, one-on-one tutoring after school by a certified teacher (paid privately by T.J.F.), and 50 minutes per week of one-on-one instruction by a certified teacher from the Defendant District under an Individualized Service Plan ("ISP").

5. While T.J. had stagnated at a Fourth Grade reading level during his last two years at the Defendant District, after one year at Holly Hill Academy, T.J. was able to read at a Sixth Grade reading level (with some support). For the first time in years, T.J. made appropriate progress during the 2025-2026 school year while at Holly Hill Academy receiving this package of services.

6. T.J.F then filed a Due Process Hearing Request with the South Carolina Department of Education, in accordance with 20 U.S.C. 1415(b)(7), (c)(2), requesting reimbursement for expenses she incurred for T.J. to receive FAPE; specifically, one-on-one tutoring expenses during the previous two years. (Mother was able to cover the entirety of the Holly Hill Academy tuition with a state grant/voucher.)

7. The Defendant District is a political subdivision of the State of South Carolina and a local school board her the IDEA (defined at 20 U.S.C. § 1401(15)). In that capacity, the District is responsible for providing FAPE to T.J. The Defendant District also receives funds from the United States Department of Education to implement IDEA 20 U.S.C. § 1400 et seq., as amended.

## JURISDICTION AND VENUE

8. Plaintiff brings this action seeking all appropriate relief available under the IDEA.

9. This Court has jurisdiction over the subject matter and the parties pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(A), which confers such jurisdiction on the Court without regard to the amount in controversy, and pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon the district courts of the United States over civil actions arising under the laws of the United States.

10. Venue is proper in the District of South Carolina, Orangeburg Division, pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## FACTS

11. Plaintiff retained counsel and filed a Due Process Hearing Request in accordance with 28 U.S.C. 1415(b)(7), (c)(2) and 34 CFR 300.507, 508 on March 27, 2026 alleging the Defendant District had failed to provide FAPE to T.J. and that Plaintiff had enrolled T.J. in a private school where he excelled, and, therefore, Plaintiff was seeking an Order requiring the Defendant District to reimburse her for the expenses she incurred to provide her son FAPE.

12. Defendant District timely filed a response, denying Plaintiff's allegations that the Defendant District had failed to provide FAPE, and denying the relief requested.

13. The parties timely participated in a Resolution Meeting and negotiated in good faith toward a final resolution, but never reached one.

14. As a result, a trial before a Local Hearing Officer ("LHO") was held over two days on May 28 and 29, 2026.

15. On June 3, 2026, the LHO issued a decision, holding, among other things, that the Defendant District had failed to provide FAPE, but that the private school was not appropriate.

Still, the LHO ordered the Defendant District to reimburse Plaintiff $7,700 for tutoring services for which she paid during the previous two years.

16. Both Parties were unhappy with the decision, and an appeal and cross-appeal were timely filed by the Parties. Because South Carolina has a two-tiered system for IDEA Due Process actions, a State Review Officer ("SRO") was appointed. In a series of pre-trial conferences with the SRO, the parties stipulated to the issues and relief to be decided by the SRO, and written briefs were submitted for consideration. The issues stipulated by the parties were as follows:

1. Did the District deny FAPE to TJ under the *Endew F.* substantive standard for school year (SY) 2024–25? If so, what amount of compensatory education is the parent entitled to?
2. Is the Parent entitled to reimbursement of the tutoring for SY 2025-26, per the *Burlington-Carter* analysis?
    - A. Was the IEP proposed by the school district substantively appropriate?
    - B. Was the unilateral parental placement at Holly Hill substantively appropriate?

17. On July 6, 2026, the SRO issued his decision. On issue #1, the SRO found that the District denied FAPE to T.J. for half of the 2024-25 school year. The parties had stipulated to $10,000 in damages for issue #1, and the SRO accordingly awarded Petitioner $5,000 in damages.

18. On issue #2, including both subparts, the SRO found in favor of the Plaintiff/Parent. The parties had stipulated to $3,710 in damages on issue #2, all of which were awarded to the Plaintiff by the SRO.

19. Therefore, the Plaintiff is a "prevailing party" under 20 U.S.C. § 1415 (i)(3)(B) and (C).

20. Plaintiff incurred attorney's fees and costs in the amount of $38,800 in her pursuit of relief in this matter, beginning with the preparation for the filing of the Due Process action, through the issuance of the SRO's decision.

21. Plaintiff's counsel would show that these fees are reasonable and should be awarded in full for the following reasons:

A. Plaintiff's counsel's rate is reflective of the prevailing rates in the community for the kind and quality of services furnished.

B. Plaintiff's counsel is one of a mere handful of experienced trial attorneys in the state who have extensive experience in the niche area of IDEA/Special Education law and who do **not** represent school districts.

C. To be a "prevailing party," Plaintiff's counsel had to act as both a trial attorney before the LHO **and** as an appellate attorney before the SRO.

D. Plaintiff's counsel successfully tried and appealed this matter without the assistance of any other attorneys. The Defendant District, conversely, had two experienced attorneys on the matter.

E. Plaintiff's counsel used his paralegal at her reduced rate to perform administrative tasks.

22. Since the SRO's decision, the Plaintiff, through her attorney, has offered the Defendant District the option of paying a slightly-reduced amount of fees and costs to avoid this action; however, the District has not accepted.

23. Plaintiff has had to incur additional attorney's fees and costs in this action to pursue reimbursement.

**PRAYER FOR RELIEF**

24. Plaintiff requests an Order requiring the Defendant District to pay all of her attorney's fees and costs for the underlying matter ($38,800), **with post-judgment interest** at the designated federal interest rate beginning the date of the SRO decision (July 6, 2026), and all fees and costs associated with this action (to be determined and submitted appropriately in the future).

Respectfully submitted,

**THE ANDREWS LAW FIRM, LLC**

/s D. Elliott Tait
David Elliott Tait
District Court ID #14795
755 Johnnie Dodds Blvd., Suite #100
Mt. Pleasant, South Carolina 29464
(843) 881-8886 (phone) / (843) 881-5899 (fax)
Email: elliott@andrewslawfirm.com
*Attorney for Plaintiff*

Mt. Pleasant, South Carolina
September 8, 2026